## LAURA A. WHITE v. J. G. SEMPER AND E. N. SEMPER.

**FRAUD AND INTENT TO SELL AT A SACRIFICE ON PART OF MORTGAGEE CAN BE SET UP IN DEFENSE IN A REPLEVIN SUIT.**

A claim that defendant in replevin had been induced to give the mortgage by fraud, and that the mortgagee was about to sell the goods at a great sacrifice, can be set up in defense in the replevin suit, and hence no injunction will lie against the suit and to have the mortgage declared void.

ON APPEAL from the Court of Common Pleas of Hamilton county.

SMITH, J.

We are of the opinion that the demurrer of the defendants to the petition of the plaintiffs is well taken, and must be sustained on several grounds. The allegations of the petition, in substance, are that the defendants, Semper & Semper, partners, by fraud, obtained a chattel mortgage from her on many articles of personal property, and afterwards, on January 26, 1893, had replevined the same in an action brought by them against her before a justice of the peace, which is

still pending; and that they were about to sell the same in an auction house at a great sacrifice, whereby she will suffer great and irreparable loss; and the prayer is for an injunction against the prosecution of such suit, and that the mortgage be declared void.

It must be presumed that in the replevin suit the law was complied with, and that the property replevined was not delivered to the plaintiff therein until plaintiffs had given bond according to law, which would completely protect the rights of the defendant therein, there being no allegation in the petition to show that the property so replevined had other than a pecuniary value; and the mere averment that she would suffer great and irreparable injury by the sale thereof is wholly insufficient. 31 O. S., 420.

*Second.*—The plaintiff on the averments of the petition had an adequate remedy at law. She might set up the fraud in procuring the mortgage, or the want of consideration therefor in the replevin suit, and if successful, be entitled to a verdict and judgment in that action; and the replevin statute itself gives her the right, if the property has other than pecuniary value, to require the constable to retain it; or she was entitled to give a counter-bond, and retain or be restored to its possession. 88 O. L., 276. With all these legal remedies in an action already pending, she is not at liberty to resort to a court of equity to obtain relief, which is open to her in the other tribunal. If no amendment is made to the 'ition, the action will be dismissed.

*E. Pol ɩr Dustin* and *Jas. S. Meyers*, for plaintiff.

*Wm. H. Pope*, Contra.

---

## NEGLIGENCE PER SE.

ﬂ Dec.
452

[Hamilton Circuit Court, January Term, 1894.]

Smith and Swing, JJ.